UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE SUNRUN INC. SECURITIES LITIGATION | Case No. 17-cv-02537-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 73, 74 |

The motion to dismiss is granted.

1. The latest iteration of the complaint does not adequately explain with specificity the importance of the "megawatts booked" metric, the impact of the alleged decision to delay reporting contract cancellations on the numbers reported for megawatts booked, or the importance of that decision on the company's overall numbers. If the complaint is to have even a chance of making it past the pleading stage, it must address these issues, because, given the weakness of the allegations in the complaint regarding the defendants' actual knowledge of or exposure to the alleged decision to delay reporting cancellations,[1] it appears the only way the plaintiff could overcome the PSLRA's heightened pleading standard is to adequately allege that the decision was so important to the company or so prominent that the defendants could not

---

[1] To give just one example of the complaint's lack of specificity about the defendants' knowledge of the alleged decision, paragraph 33 of the operative complaint describes a spring 2015 conference call in which regional sales managers were allegedly told by unnamed "executives" to delay reporting cancellations. The complaint does not attribute this information to anyone. Although the complaint identifies five "confidential witnesses," and paragraph 33 is sandwiched between several paragraphs describing statements by those witnesses, the complaint does not attribute the allegations in paragraph 33 to any of those witnesses.

possibly have been unaware of it.  *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1227-28 (9th Cir. 2017); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1063-64 (9th Cir. 2014); *S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008); *Berson v. Applied Signal Technology, Inc.*, 527 F.3d 982, 987-89 (9th Cir. 2008); *cf. Cutler v. Kirchner*, 696 F. App'x 809, 815 (9th Cir. 2017).

2.  Nor does the complaint adequately state a claim based on the new theory of fraud it articulates.  Viewed in context, the company's statement about the potential effect of increased cancellations on its performance appears to have been forward-looking.  To the extent it is not forward-looking, the statement did not clearly imply (as the plaintiff argues) that increased cancellations had not yet affected the company's performance.  Instead, this sentence simply stated the obvious – if customer cancellations were to increase, the company's business would suffer.

Moreover, the statement from the *Wall Street Journal* reporter (whom the complaint identifies as "CW5") about the effect cancellations had already had on the company's performance is not helpful to the plaintiff for at least two reasons: (i) the witness does not appear to have had the personal knowledge of the company's internal operations to make this information sufficiently reliable; and (ii) the witness was unable to identify the source whose personal knowledge she was allegedly reporting to the plaintiff.  *See In re NVIDIA Corp. Sec. Litig.*, No. 08-CV-04260-RS, 2010 WL 4117561, at *6 (N.D. Cal. Oct. 19, 2010) (citing *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 996 (9th Cir. 2009)).

3.  Dismissal is with leave to amend.  This will almost certainly be the plaintiff's final opportunity to amend the complaint.  Any amended complaint must be filed within 28 days of this order.  In addition, because the latest iteration of the complaint includes so many incomplete quotations (from documents, analysts, and other sources), the next iteration of the complaint must attach as an exhibit the full text of any document quoted.  The initial case management conference is vacated and will be rescheduled if the next iteration of the complaint survives a motion to dismiss.  The defendants' request for judicial notice is granted.

**IT IS SO ORDERED.**

Dated: July 19, 2018

_____
VINCE CHHABRIA
United States District Judge